United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41578
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO MANUEL ALVARADO-DE HOYOS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-507-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ricardo Manuel Alvarado-De Hoyos ("Alvarado") appeals his

conviction and sentence for illegal reentry. Alvarado challenges

the constitutionality of 8 U.S.C. § 1326(b)(1)&(2) and,

additionally, the district court's application of the mandatory

Sentencing Guidelines.

Alvarado's constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Alvarado contends that Almendarez-Torres was incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Alvarado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Alvarado also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in United States v. Booker, 125 S. Ct. 738, 764-65 (2005). The Government concedes the error and admits that it cannot carry its burden of establishing beyond a reasonable doubt that the error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Thus, Alvarado's sentence is VACATED, and the case is REMANDED for further proceedings. See id. at 466.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS.